NOT DESIGNATED FOR PUBLICATION

No. 116,949

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH V. NICHOLS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed July 28, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BUSER, P.J., MALONE, J., and HEBERT, S.J.

*Per Curiam*:  Kenneth V. Nichols appeals the district court's order revoking his probation and requiring him to serve his underlying prison sentence. We granted Nichols' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no error, we affirm the district court.

On February 25, 2015, Nichols pled guilty to one count burglary and one count theft. The district court sentenced Nichols to a 24-month probation term with an underlying 19-month prison sentence. Nichols did not appeal his original sentence.

Nichols admitted to violating the terms of his probation at three revocation hearings. The district court had first ordered Nichols to serve a 3-day confinement in the county jail, and then for the subsequent violation, Nichols was ordered to serve a 120-day prison sanction. See K.S.A. 2016 Supp. 22-3716(c)(1)(B) and (C). The district court advised Nichols that there would be "zero tolerance on any future violations."

On August 26, 2016, the State moved to revoke Nichols' probation for submitting a urine sample that tested positive for alcohol. At his September 16, 2016, revocation hearing, Nichols admitted to the State's allegations. As a result, the district court revoked Nichols' probation and ordered him to serve a reduced 16-month prison sentence.

Nichols appealed his probation revocation as an abuse of the district court's discretion. However, in his docketing statement and his motion for summary disposition, Nichols does not state why he contends the district court erred. Unless otherwise required by law, which is not the case here, being granted probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). We will not find the district court abused its discretion unless we can say the court's action: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). The party asserting that the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009). Nichols has not met this burden.

We conclude that the evidence clearly supports the district court's decision to revoke Nichols' probation. Nichols admitted to violating of the terms of his probation. Imposition of Nichols' underlying prison sentence was an authorized disposition under K.S.A. 2016 Supp. 22-3716(c)(1)(E). Under these circumstances, the court was well

within its discretion in revoking Nichols' probation and ordering imprisonment. Consequently, we find no abuse of discretion in the district court's decision.

Affirmed.